IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RYAN VIGIL,

    Plaintiff,

v.

GENERAL NUTRITION CORPORATION,

    Defendant.

No. C 14-04866 JSW

**ORDER GRANTING MOTION TO TRANSFER**

Now before the Court for consideration is Defendant General Nutrition Corporation's ("GNC") Motion to Transfer Case. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). The Court therefore VACATES the hearing scheduled for January 23, 2015. For the following reasons, the Court hereby GRANTS Defendant's Motion.

**BACKGROUND**

GNC is a retailer of health and wellness products. GNC is organized, and has its principal place of business in Pennsylvania. Plaintiff is an individual who resides in San Diego County, California. Plaintiff brings this putative class action, alleging that he purchased a GNC product – Staminol – in reliance on GNC's advertising that Staminol would enhance his sexual experience and enjoyment. Plaintiff was exposed to GNC's advertising for Staminol, and purchased the product in La Jolla, California.

GNC now moves to transfer venue to the Southern District of California. On January 7, 2015, Plaintiff filed a statement of non-opposition to GNC's Motion.

**ANALYSIS**

**A.      Legal Standard.**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally, for the convenience of the parties and witnesses, and in the interest of justice. The burden is on the moving party to demonstrate that the action should be transferred. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

District courts use a two-step analysis to determine whether transfer is proper. Step one considers the threshold question of whether the action might have been brought in the district to which transfer is sought. *Id.* If venue is proper in the transferee district, the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The court considers relevant factors, such as the plaintiff's choice of forum, the local interest in the issue, the relative ease of access to evidence, the availability of compulsory process for unwilling witnesses and the cost involved in securing willing witnesses, the familiarity of each forum with applicable law, and the relative court congestion in each forum. *Decker Coal. Co. v. Commonwealth Edison Co*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

**B.      Transfer of Venue is Appropriate.**

   **1.      Venue is Proper in the Southern District of California.**

Venue is proper in any judicial district in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). Plaintiff resides within the Southern District of California, and he alleges that he was exposed to GNC's advertising, and purchased GNC's product within the Southern District. Additionally, Plaintiff does not dispute that venue is proper in the Southern District. Accordingly, the Court finds that GNC has met its burden under the first prong.

//

//

2

### 2. Convenience Factors.

#### a. Plaintiff's Choice of Forum.

Generally, a court should give deference to a plaintiff's choice of forum unless a defendant can show that other factors of convenience clearly favor a different forum. *See Decker Coal Co.*, 805 F.2d at 843. Here, Plaintiff's choice of forum is afforded less deference because he does not reside within his chosen district. *See, e.g.*, *Smith v. Aetna Life Ins. Co.*, 2011 WL 3904131, at *2 (N.D. Cal. Sept. 6, 2011). In addition, because the operative facts that give rise to the current action occurred in the Southern District, Plaintiff's choice to bring the action the Northern District is only entitled to minimal consideration. *See Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). Finally, Plaintiff has chosen not to oppose GNC's motion. Under these circumstances, the Court finds that this factor favors transfer.

#### b. Convenience of Parties and Witnesses.

None of the parties reside in this district. To the extent any discovery becomes necessary in this action, proceeding within the Northern District will not expedite the process, given that Plaintiff resides in the Southern District, and GNC resides in Pennsylvania. The convenience of the parties and witnesses favors transfer.

#### c. Public Convenience Factors.

In addition to private convenience factors, the Court takes into account public convenience factors, such as the local interest in the action, the familiarity of the forum with the applicable law, and the administrative difficulties flowing from court congestion.

The Northern District has no particular interest in adjudicating this case, given that the relevant transactions did not occur here. Additionally, both this Court and the courts in the Southern District are equally capable of applying the law which governs this case. The Court finds that this factor is neutral.

#### d. Interests of Justice.

The Court must also consider whether transferring this case will serve the interest of justice. *See Decker Coal*, 805 F.2d at 843. Considerations of the interests of justice include "whether efficient and expeditious administration of justice would be furthered." *Sherar v.*

3

*Harless*, 561 F.2d 791, 794 (9th Cir. 1977).  The Court finds that the Southern District arguably has a greater interest in the controversy given that Plaintiff resides there.

Accordingly, the Court finds that GNC has met its burden to demonstrate that in the interests of justice, this action should be transferred to the Southern District.

## CONCLUSION

For the foregoing reasons, the Court GRANTS GNC's motion to transfer venue to the Southern District of California.  The clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: January 13, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE